IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03085-GPG

DARRIN HARVEY,

      Applicant,

v.

TRAVIS TRAMI, Warden, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

ORDER OF DISMISSAL

## I. Background

      Applicant Darrin Harvey is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Centennial Correctional Facility in

Caṅon City, Colorado.  Applicant has filed an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 that challenges his conviction and sentence in State of

Colorado Criminal Case No. 05CR807.  In an order entered on November 17, 2014,

Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer

Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. §

2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if

Respondents intend to raise either or both of those affirmative defenses in this action.

      Respondents filed their Pre-Answer Response, ECF No. 7, on November 26,

2014, and an Amended Pre-Answer Response, ECF No. 9, on December 1, 2014.

Applicant filed a Reply, ECF No. 12, on December 24, 2014.

      Applicant raises one claim in the Application.  When Respondents attempted to

construe the claim as three separate claims, *see* ECF No. 9 at 2-3, Applicant

specifically disagreed with Respondents and stated he is raising only one claim, which is that the state court improperly denied his request for relief based on newly discovered evidence, *see* ECF No. 12 at 1.  The Court, therefore, will address only Applicant's newly discovered evidence claim.

## II.  Analysis

The Court must construe liberally the Application and Reply because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not "assume the role of advocate for the *pro se* litigant."  *See Hall*, 935 F.2d at 1110.

Respondents assert the action is untimely and the newly discovered evidence claim is not cognizable in a federal habeas action, because the claim is based solely on state law.  The Court will discuss the relevant issues as follows.

Applicant was found guilty by a jury trial on August 24, 2005, of possession of more than one gram of a schedule II controlled substance and possession with intent to distribute a schedule II controlled substance in Case No. 05CR807 in the El Paso County District Court, ECF Nos. 1 at 1 and 7-1, and was sentenced on August 25, 2005, to forty-eight years of incarceration as an habitual offender, ECF Nos. 1 at 2 and 7-1. Applicant filed a direct appeal and the Colorado Court of Appeals (CCA) affirmed the conviction and sentence on March 1, 2007.  *See* ECF Nos. 1 at 2 and 7-1 at 1. Applicant did not petition for certiorari review of the CCA's decision.

Applicant then filed a Colo. R. Crim. P. 35(c) on April 25, 2007 (sent to the court on April 23, 2007), ECF Nos. 1 at 3 and 7-1 at 14, which the trial court denied on November 9, 2009, ECF Nos. 1 at 4 and 7-1 at 9-10.  Applicant then sought an out-of-time appeal on  May 2, 2011, ECF No. 7-12, which was granted on May 23, 2011, *id.*

## A.  Timeliness

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  *See* ECF No. 7 at 4-6.  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The parties do not disagree on the dates stated above regarding when Applicant filed his direct appeal and Rule 35(c) motion and when each were denied by the state courts.  The issue is whether any time from November 10, 2009, the day after the trial court denied the Rule 35(c) postconviction motion, until May 1, 2011, the day prior to when Applicant filed a motion to file an out-of-time appeal, is tolled for the purpose of 28 U.S.C. § 2244(d) and whether equitable tolling applies.

For the following reasons, the Court will dismiss this action because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d) and Applicant fails to demonstrate equitable tolling should apply.  The Court also finds that newly discovered evidence claim is not cognizable in a federal habeas action.

Applicant's conviction became final on April 16, 2007, when the time ran for filing a petition for certiorari review in the Colorado Supreme Court (CSC).  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).  Pursuant to Rule 52 of the Colorado Appellate Rules that was in effect at the time Applicant was sentenced, he had forty-six days to file a petition for certiorari review with the CSC after his direct appeal was denied.  Accordingly, for purposes of § 2244(d), time began to run on April 17, 2007, the day after Applicant's sentence became final.

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.

Applicant at the earliest, filed the Rule 35(c) postconviction motion on April 23, 2007, leaving April 17 through April 22, 2007, a total of six days untolled.  Then pursuant to Rule 4(b) of the Colorado Appellate Rules that was in effect at the time Applicant filed the Rule 35(c) motion, Applicant had forty-five days from November 9, 2009, to appeal the trial court's denial of his Rule 35(c) postconviction motion, or until December 24, 2009.  Applicant did not file a motion for an out-of-time appeal until May 2, 2011.

The Tenth Circuit has determined that the time between when the "statutory grace period for appeal" lapses, until when an appellant files a motion for an out-of-time

appeal is not tolled because the appellant is not "attempting to exhaust state remedies." *See Gibson v. Klinger*, 232 F.3d 799, 807 (10th Cir. 2000). Furthermore, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Therefore, the statute of limitations period ran from April 17 until April 22, 2007, and from December 25, 2009, until May 1, 2011, a total of 499 days.

Applicant does not allege in the Application or the Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. § 2244(d)(1)(C). Nor is Applicant able to assert that he could not have discovered the factual predicate of his claim through the exercise of due diligence, because the claim was at issue in the Rule 35(c) postconviction motion. § 2244(d)(1)D). Applicant, however, does assert that the state caused inexcusable or inordinate delay in processing his claims due to the delay in having his postconviction motion appealed, *see* ECF No. 12 at 3, and appears to suggest that the state created an impediment to filing a timely appeal of his postconviction motion, § 2244(d)(1)(B).

The Court is not persuaded by Applicant's impediment argument. Section 2244(d)(1)(B) only applies in the context of an impediment created by unconstitutional state action. Applicant fails to demonstrate the existence of any unconstitutional state action because his appellate attorney is not a state actor when he "perform[s] a lawyer's traditional function[ ] as counsel to a defendant in a criminal proceeding." *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Also, ineffective assistance of counsel is "not the type of State impediment envisioned in § 2244(d)(1)(B)." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir.2005), *aff'd*, 549 U.S. 327 (2007).

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is

entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)).  "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)) (quotation marks and citations omitted).  The inmate must allege with specificity the steps he took to pursue his federal claims.  *Yang*, 525 F.3d at 930.

Applicant asserts that on November 9, 2009, the date his Rule 35(c) postconviction motion was denied by the state district court, he informed his "Alternate Defense Counsel" that he desired to appeal the denial.  ECF No. 12 at 3.  Applicant further contends that after "several months," when he did not hear from counsel he wrote to her on two occasions with no response.  *Id.*  Applicant further claims he wrote to the court twice and finally received a response on March 11, 2011, that no motion to appeal or for appointment of counsel had been received.  *Id.*  After Applicant filed a complaint with the Attorney Regulation Counsel, he was informed by counsel that the proper procedure had been followed to seek appeal and appointment of counsel.  *Id.* at 3-4.  Applicant concludes he was diligent in seeking an appeal of the denial of his Rule 35(c) motion.  *Id.* at 4.

Applicant does not specifically state the date that he sent a letter to his counsel to inquire about the status of his appeal or the date that he contacted the court after not hearing from his counsel.  Applicant only asserts that after "several months" of not

hearing from counsel he attempted to inquire with counsel and the court, but did not receive a response from the court on March 11, 2011. Applicant fails to state with any specificity how he diligently pursued his appeal of the Rule 35(a) postconviction motion. Applicant has not alleged with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Applicant, therefore, has not met his burden to demonstrate extraordinary circumstances and due diligence that would support a finding of equitable tolling under *Holland*. *See Mack*, 509 F. App'x at 760.

The Court will dismiss this action with prejudice as time-barred. *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (dismissal as time barred operates as a dismissal with prejudice).

### B. Cognizable Claim

Respondents argue that Applicant's newly discovered evidence claim is not cognizable in a federal habeas action, because the claim asserts only an error of state law and an error in a state postconviction proceeding. ECF No. 9 at 3.

Applicant asserts the trial court incorrectly determined that the unavailability of a witness to testify at trial is not tantamount to newly discovered evidence. ECF No. 1 at 5. Applicant bases his claims on Colo. R. Crim. P. 35(c)(2) and State of Colorado case law. Nothing Applicant asserts regarding the newly discovered evidence claim implicates a federal constitutional claim. Furthermore, the purpose of Applicant's newly discovered evidence claim is to seek relief based on acclaimed innocence.

"Claims of actual innocence are subject to an exacting standard, and in most cases, are simply not cognizable through habeas petitions." *See Allen v. Beck*, 179 F. App'x 548, 550 (10th Cir. May 16, 2006) (unpublished). Generally, claims of actual innocence are not constitutional claims and do not provide a basis for federal habeas

relief unless grounded in or connected to an independent constitutional claim. *See Herrera v. Collins,* 506 U.S. 390 (1993); *LaFevers v. Gibson,* 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) (assertion of actual innocence "does not, standing alone, support the granting of the writ of habeas corpus"); *Sellers v. Ward,* 135 F.3d 1333, 1338 (10th Cir. 1998).  While innocence may be material when an applicant is subject to threshold obstacles, such as the statute of limitations or procedural default, innocence alone does not justify the issuance of a writ of habeas corpus. *Schlup v. Delo,* 513 U.S. 298, 315 (1995) (holding that a habeas applicant's "claim of innocence does not by itself provide a basis for relief").

The Court finds that in only addressing the newly discovered evidence claim Applicant's innocence claim is not based on any constitutional infirmity at trial other than an innocent man was convicted.  Such a freestanding claim of actual innocence is not available in a noncapital case. *Allen*, 179 F. App'x at 551.

Applicant's newly discovered evidence claim, therefore, is not cognizable in a federal habeas action, and he also is precluded from raising a stand-alone innocence claim.

## III.  Conclusion

Based on the above findings, this action will be dismissed as untimely under 28 U.S.C. § 2244(d) and with respect to the newly discovered evidence claim not cognizable in a federal habeas action.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate

filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty

days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 is denied and this action is dismissed with prejudice as time-barred under

28 U.S.C. § 2244(d), and for failure to assert a cognizable federal habeas

claim.  It is

FURTHER ORDERED that no certificate of appealability shall issue because

Applicant has failed to show that jurists of reason would find it debatable that the district

court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85

(2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this ___29th___ day of ___January_____, 2015.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court